United States District Court
Southern District of Texas
**ENTERED**
July 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JESSE IVAN MENDOZA LABASTIDA, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05518 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Jesse Ivan Mendoza Labastida filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 13, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment and the declaratory judgment entered in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025). See id at ¶¶40–51.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 6. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2. It also contends that the due process and *Bautista* claims fail on the merits. Id at 3–10. Petitioner on reply reasserts his due process claims, maintaining that *Sosnava*

*Rodriguez* remains persuasive and warrants relief here. Dkt 7.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under §1225(b)(2)(A). See *Buenrostro-Mendez*, 166 F4th at 494.

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.
- *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order

> purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

That said, of the more than three hundred petitions that the undersigned has resolved in this context since challenges began in earnest in September 2025, the reply by Petitioner's counsel is one of the most thoughtful and incisive. Of particular note is its careful analysis of the undersigned's prior decisions. But with due respect, *Penafiel Clavijo* resolved whether procedural due process requires a bond hearing in this context and determined that any challenge in that regard sounded in substantive due process because a "hearing as to dangerousness or flight risk is . . . irrelevant to the *lawfulness* of [ ] detention under the statute." 2026 WL 923310 at *3. That decision then went on to reject the substantive due process challenge under facts where detention hadn't yet reached six months, while expressly leaving open whether pre-removal-order detention over six months might counsel a different result. Id at *3–4. *Herrera Estrada* then further considered that question once presented on the merits and concluded that the six-month *Zadvydas* period doesn't pertain to detention in this pre-removal-order context. 2026 WL 2000097 at *2–4.

The arguments made in reply regarding *Sosnava Rodriguez* don't provide reason to depart from those decisions. This is true in light of its subsequent vacatur and the fact that Petitioner hasn't yet been in custody for ninety days, with his detention at present thus comporting with

due process even as framed by the panel decision there. See Dkt 1 at ¶15 (noting detention date of June 23, 2026); 2026 WL 1906557 at *16.

Petitioner is no doubt correct that courts remain divided on these important questions. Dkt 6 at 5–6. Still, until the Fifth Circuit or Supreme Court gives a definitive interpretation, it is simply up to each district court judge to use his or her best reading of the law as presented. The decisions cited above continue to reflect the view of the undersigned.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Jesse Ivan Mendoza Labastida is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 28, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge